

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS



Overruled by AA 743

State Board of Control
Austin, Texas

Gentlemen:

Opinion No. O-1033
Re: Authority of State Board of Control
to award contracts for various types
of printing or binding to Texas Prison
System.

By your letter of June 23, 1939, you advise that the Board of Control in accordance with the provisions of Section 21, Article 16, of our Constitution, and of Article 608 et seq. of the Revised Civil Statutes of 1925, advertised for bids for printing, binding, and stationery supplies; that among the bids received was one from the Texas Prison System, the bid being signed "Texas Prison System by O.J.S. Ellingson, General Manager," and the bid being accompanied by a bond made by the Texas Prison System, by O.J.S. Ellingson, General Manager, as Principal, with two sureties certified to be good and sufficient, etc., by the County Clerk of Walker County.

You asked the opinion of this Department upon the question whether, under these circumstances, the State Board of Control can legally award a contract for various types of printing or binding to the Texas Prison System on its low bid under the provisions of Section 21, Article 16 of the Constitution, and under the laws of the State of Texas.

Section 21 of Article 16 of the Constitution reads as follows:

"All stationery, and printing, except proclamations and such printing as may be done at the Deaf and Dumb Asylum, paper, and fuel used in the Legislative and other departments of the government, except the Judicial Department, shall be furnished and the printing and binding of the laws, journals, and department reports, and all other printing and binding and the repairing and furnishing the halls and rooms used for the meetings of the Legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum price, and under such

regulations, as shall be prescribed by law. No member or officer of any department of the government shall be in any way interested in such contracts; and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller."

Article 608, Revised Civil Statutes, 1925, reads in part as follows:

"The Board shall contract for a term of not exceeding two years with responsible persons, firms, corporations, or associations of persons, who shall be residents of Texas, for supplying to the state all printing . . . "

Article 613, R.C.S. 1925, provides that all bids or proposals shall be accompanied by a bond or certified check; and by the provisions of Article 614 it is required that when any bid shall have been accepted, the Board shall require of the successful bidder a bond payable to the State of Texas, conditioned for the faithful performance of the contract.

The only exception from the constitutional provision requiring competitive bidding on stationery, printing, and binding, is contained in that portion of Section 21 of Article 16 which reads:

" . . . except proclamations and such printing as may be done at the Deaf and Dumb Asylum, . . . "

By virtue of the provisions of the Constitution and of the laws of the State of Texas, contracts for all stationery and printing, except such printing as may be done at the Deaf and Dumb Asylum, must be let to the lowest responsible bidder after having been submitted to competitive bidding. The same is true of contracts for binding.

We find no constitutional or statutory authorization to the State Prison System to bid on contracts for printing and binding to be let by the State Board of Control for the use and benefit of the State. More especially do we note the entire absence of authority, express or implied, to give on behalf of the Texas Prison System the character of bond tendered in this case and required by the provisions of the Article regarding public printing above referred to.

It follows that, since the Texas Prison System if without authori-

ty, express or implied, to execute such a bond as is required by the statute, the Board of Control is without authority under existing laws to award a contract for various types of printing or binding to said Prison System on its low bid.

It must be noted in passing that the constitutional provision above referred to requires the contract to be let to "the lowest responsible bidder." This, of course, implies and requires competitive bidding; but, more than that, it requires that such bidding be by "responsible" bidders. We take the term "responsible bidder" to mean such a bidder as the State might hold responsible in damages in event of such bidder's failure to fulfill his contract according to its terms. If a contract should be entered into with the Texas Prison System, and the Texas Prison System should fail to comply with the terms thereof, causing the State to suffer damages, we would be confronted with the peculiar and anomalous situation of the State seeking to recover damages of itself for a failure to perform a contract made and entered into with itself.

An opinion * similar in most respects to this one was rendered on March 24, 1931, by the Honorable James V. Allred, Attorney General of Texas, to the Honorable Claude D. Teer, Chairman of the Board of Control, Austin, Texas, and a copy of such opinion is attached hereto for your information.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By     s/ R. W. Fairchild
        R. W. Fairchild
        Assistant

RWF:PBP:da

Enc. Approved Jul 5, 1939        APPROVED OPINION COMMITTEE

                       By  R.W.F.
/s/ W. F. Moore                 Chairman

FIRST ASSISTANT ATTORNEY GENERAL

* V. 319, P. 918